**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

GABINO MACARIO-VENTURA,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 10-73634

Agency No. A200-050-038

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2013**

Before: FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Gabino Macario-Ventura, a native and citizen of Guatemala, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for

---

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the agency's finding that anonymous written threats to the family received by Macario-Ventura's father on two or three occasions do not rise to the level of past persecution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153 (9th Cir. 2005) (telephone and written threats, without any personal confrontation, did not rise to the level of persecution in light of all surrounding events). Substantial evidence also supports the agency's finding that Macario-Ventura did not establish a well-founded fear of future persecution, especially given that Macario-Ventura remained in Guatemala for at least one year after the last threat was received, *see Castillo v. INS*, 951 F.2d 1117, 1122 (9th Cir. 1991) ("When determining the objective reasonableness of an alien's claim of well-founded fear of persecution the BIA may properly consider as significant a petitioner's continued safe and undisturbed residence in his homeland after the occurrence of the event which is alleged to have induced his fear."), and because Macario-Ventura's father and brother continue to reside in Guatemala unharmed, *see Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) (claim of fear of persecution undercut when similarly situated family members continue to live in country without incident). Accordingly, Macario-Ventura's asylum claim fails.

10-73634

Because Macario-Ventura did not establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the BIA's denial of CAT relief because Macario-Ventura failed to demonstrate that it is more likely than not that he will be tortured if returned to Guatemala. *See Nahrvani*, 399 F.3d at 1154.

**PETITION FOR REVIEW DENIED.**